UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X   CASE NO.:

SYLVESTER GREGG, an individual, on behalf
of himself and all others similarly situated,
                                 Plaintiff,

         -against-                              COMPLAINT-CLASS ACTION

                                                **09  2969**

KAVULICH & ASSOCIATES, P.C., a
New York professional corporation, and
GARY KAVULICH, an individual,
                                 Defendants.
------------------------------------X   TOWNES, J. REYES, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 1 0 2009 ★
BROOKLYN OFFICE

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants the Kavulich & Associates P.C. and Gary Kavulich, alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Sylvester Gregg, ("Mr. Gregg") is a natural person residing in Queens County, New York.

4. Upon information and belief Defendant, Kavulich & Associates, P.C. is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

5. The Collection Law Firm is a New York professional corporation doing business in Kings County, New York.

6. Defendant, Gary Kavulich ("Mr. Kavulich") is a debt collector as defined pursuant to FDCPA, 15 U.S.C. § 1692a(6) doing substantial and material business in Queens County, New York.

7. Defendants are or were engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempted to collect consumer debts alleged to be due to another.

8. Defendants are "debt collectors" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(6).

9. Mr. Gregg is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

10. For an unknown period of time, Defendants have acted as attorneys for apartment building management companies and/or landlords.

11. In the course of their representation of the apartment building management companies and/or landlords. Defendants regularly collected or attempted to collect monies from consumers for delinquent rent monies owed ("Rent").

## IV. FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs one (1) through twelve (12) as the fully restated herein.

13. Approximately twenty years (20) years prior to the filing of the instant action, Mr. Gregg Mr. Gregg commenced a tenancy to rent an apartment in a building owned by

Defendants' client Brooklyn Prospect Associates, LLC. Mr. Gregg paid certain amounts of rent per month to said owner.

14. During 2008, Defendants' client Brooklyn Prospect Associates, LLC commenced a landlord-tenant action. Entitled <u>Brooklyn Prospect Associates, LLC v. Sylvester Gregg, Civil Court of the City of New York, County of Kings, Index Number 103522/2007.</u>

15. As per stipulation executed September 11, 2008, said action was ultimately settled and disposed of.

16. In the settlement, Defendants' client Brooklyn Prospect Associates, LLC agreed to waived all back rent and pay a sum of $9.000.00 to Mr. Sylvester Gregg. Mr. Sylvester Gregg stipulated that he would vacate said premises on or before October 11, 2008. It is clear that Brooklyn Prospect Associates, LLC, waived and vacated any and all arrears which may have been owed to them. No debts would have been owed to Brooklyn Prospect Associates, LLC by Sylvester Gregg and/or any other litigants to that action.

17. On or about March 2, 2009, Defendants sent or caused to be sent to Mr. Sylvester Gregg written correspondence, more commonly known in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly due under ("Collection Communication").

18. Defendants through the Collection Communication stated, inter alia, as follows:

> *"We are the attorneys for the above-named creditor. Our client has consulted us with reference to your indebtedness in the amount of $5,965.31 and has requested that we proceed with legal action against you. However, we are writing to allow you a final opportunity to arrange pay without the necessity of costly legal action."*

19. Plaintiff received said letter.

## V. PRACTICES OF DEFENDANT

20. It is or was the policy and practice of Defendants to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to informing consumer as to the name of the creditor to whom a debt was owed as required under 15 U.S.C. § 1692g(a)(2).

21. Said letter(s) violates the consumers rights in that it and assumes the validity of the debt. Defendants conduct is further violative in that it inherently persists with the threats of legal action insomuch as the letter was sent out on the letterhead of the Defendants, The Kavulich & Associates, P.C. and Gary Kavulich, Esq. Therefore, this letter inherently persists with the threats of legal action and attorneys on the sum state without any legal standing or intention of litigating the matter, or acknowledgment of the dispute as required by law. Defendants had no legal standing because there was no debt currently owed to the original underlying alleged creditor.

22. Upon information and belief, said letters are computer generated by the Defendants and disregard the 30 day dispute period provided to the consumer by law persisting with deceptive language, false statements and threats of legal action that can not legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

23. That said letters alone are or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers' rights. The threats and language contained in

Defendants' letter constitute unlawful threats and are misleading because there is no debt due and owing to Defendants' client on the date of the letter.

24. That the Defendants intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts. Defendants committed these acts and omissions by attempting to collect on various accounts without first verifying that the accounts along with the underlying debt claimed were actually valid.

25. Defendants conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

26. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages, treble damages, punitive damages, plus costs and attorney's fees.

## VI. CLASS ALLEGATIONS

27. The first cause of action is brought on behalf of plaintiff and the members of a class.
28. The class consists of consumers who received the same for letter, as did the plaintiff.
29. The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about August 28, 2008 and subsequent "undated" letters, (b) the collection letter was sent to a consumers seeking

by engaging in false threats of legal action and deceptive practices, 1692(g) for contradicting and confusing the consumer as to his/her rights, 1692(e) for making false and deceptive statements and threatening action that can not legally be taken or is not actually intended to be taken, and 1692(f) for conducting unfair practices to attempt to collect a debt by means of duress and coercion.

30. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class member. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   c. The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   d. The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## VII. ALLEGATIONS OF LAW

34. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: (g), (e), (d), and (f)

    i. Defendant violated 15 U.S.C. § 1692(f) by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692(e) by using false representations and deceptive means in an attempt to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692(g) by contradicting plaintiff's rights;

    iv. Defendant violated 15 U.S.C. § 1692(d) by harassing the consumer.

**WHEREFORE**, Plaintiff, Sylvester Gregg, an individual requests that judgment be entered in his favor and favor of the class against each Defendant, Kavulich & Associates, P.C., and Gary Kavulich, an individual, for:

A. Declaratory judgment that the above-described conduct of Defendants violates the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to 15 U.S.C. § 1692k in the amount to be determined at the time of trial of behalf of the class of the first cause of action;

C. Actual damages and treble damages pursuant to 15 U.S.C. § 1692k, and an amount to be determined at the time of trial on behalf of the class on the first cause of action;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

E. Such other and further relief as the Court may deem just and equitable.

Dated: County of New York, New York
July 9, 2009

_____
Law Offices of Abel L. Pierre
Attorney at Law, P.C.
Attorney for Plaintiff
225 Broadway, Suite #1607
New York, New York 10007
Tel: (212) 766-3323
Fax: (212) 766-3322

Plaintiff requests trial by jury an all issues so triable.

_____
Abel L. Pierre, Esq.

Exhibit A

**Kavulich & Associates, P.C.**
30 Church Street
Suite 26
New Rochelle, NY 10801
Phone: (914) 355-2074 Fax: (914) 355-2078

March 2, 2009

Sylvester Gregg
25420 147th Avenue
PH
Rosedale, NY 11422-2548

                    Re:    Brooklyn Prospect Associates L
                             Sylvester Gregg
                             720 St. Marks Place, Apt. 6B
                             File No.: 6952

Dear Sylvester Gregg :

       We are the attorneys for the above-named creditor. Our client has consulted us with reference to your indebtedness in the amount of $5,965.31 and has requested that we proceed with legal action against you. However, we are writing to allow you a final opportunity to arrange to pay without the necessity of costly legal action.

Unless you notify us within thirty (30) days after receipt of this letter that the validity of the debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request, within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor.

Kindly forward all remittances to us, payable to the law firm of Kavulich & Associates, P.C. at 30 Church Street, Suite 26, New Rochelle, NY 10801.

Very Truly Yours,

Gary Kavulich, Esq.


**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**